UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-14055-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JESUS TORRES,

    Defendant.
_____/



REPORT AND RECOMMENDATION ON DEFENDANT'S
PRO SE LETTER TO THE COURT [D.E. #234]

**THIS CAUSE** having come on to be heard before this Court on an Order of Reference from Judge Martinez in respect to the Defendant's pro se letter to the Court [D.E. #234] in which he requests to be permitted to withdraw his guilty plea, and this Court having conducted a hearing on August 18, 2014 at which time counsel for the government, counsel for the Defendant, and the Defendant were present, this Court makes the following recommendations to the District Court:

    1.    This Court explained to the Defendant why he was present at the hearing. The Court explained that [D.E. #234] was a half-page handwritten letter from the Defendant requesting that he be permitted to withdraw his guilty plea. However, there were no reasons given in the handwritten letter. Since this matter is set for sentencing next week, the Court wanted to have this matter addressed as quickly as possible.

    2.    This Court made certain that the Defendant understood that he continues to be represented by Ms. Golder. He understands that. This Court made certain that the Defendant understood that he in no way had to speak with the Court nor had to tell the

Court anything in this regard. This Court would only receive statements from the Defendant if he and his attorney both agreed that he wanted to do so of his own volition. Ms. Golder stated that she has spoken with the Defendant about this matter extensively and has even provided the Defendant with case law concerning his request to withdraw his guilty plea. She stated on the record that she has no legal basis upon which to request that the Court allow the Defendant to withdraw his guilty plea.

3. The Defendant acknowledged that he has spoken with Ms. Golder about this as she stated on the record. After speaking with his attorney, the Defendant stated that he wished to give his reasons to the Court and that he was not able to list them all in his letter. Ms. Golder agreed that he should be permitted to state his reasons to the Court.

4. The Defendant stated that at his plea before the undersigned United States Magistrate Judge, he understood all of the questions that the Court asked him and the only reason he pled guilty was to get some benefit from the government in regards to his sentencing. He felt he was pressured and under stress to get a lower sentence. He stated that his previous attorney, Mr. Montesino, felt that they had a good case which was winnable at trial. The Defendant stated that he agreed to answer the questions the Court asked him at his change of plea simply to get the best sentence. He does not believe that his involvement in this case is serious enough to be proven by the government at trial.

5. This Court pointed out that the questions he answered before this Court were under oath and that in answering those questions falsely he may have committed perjury. He stated he understood that. Further, this Court explained that he admitted to the criminal conduct set forth in the Stipulated Factual Basis and stated on the record that the Stipulated Factual Basis was correct.

6. Ms. Golder stated that she believes the government has a strong case against the Defendant. There is the sworn proffer that the Defendant has entered into before this Court concerning the factual basis to support his guilty plea. Ms. Golder further referred to co-defendants who are ready, willing, and able to testify against the Defendant. There is fingerprint evidence against the Defendant. The Defendant has been debriefed by the government and has made statements to the government in that regard. All in all, Ms. Golder disagrees with the Defendant's position that he has a winnable case.

7. This Court stated at the conclusion of the hearing that the Defendant has not stated a factual basis to support his request to withdraw his guilty plea. This Court pointed out that he simply cannot do so because he wants to at this particular time. There are no legal nor factual reasons presented to justify his request. Therefore, this Court will issue a Report and Recommendation to the District Court recommending that the Defendant's request be denied.

8. Further, this Court stated to counsel on the record that it would shorten the time for filing any objections to this Thursday, August 21, 2014, since the sentencing in this case is set for next week. All parties understood. When this Court asked the Defendant if he understood what has transpired, he acknowledged that he understood.

## ANALYSIS

9. A defendant does not have an absolute right to withdraw a guilty plea. However, a defendant may withdraw his guilty plea if he can show a fair and just reason for requesting withdrawal. United States v. Medlock, 12 F.3d 185 (11th Cir. 1994). A pre-sentence motion to withdraw is to be liberally construed, but there is no absolute right to

have a guilty plea withdrawn even under those circumstances. United States v. Buckles, 843 F.2d 469 (11th Cir. 1988). In this case, this Court conducted a plea colloquy at a Change of Plea Hearing on January 15, 2014. The Defendant was placed under oath and responded to all of the questions asked by this Court in respect to his desire to plead guilty. Those matters are specifically set forth in this Court's Report and Recommendation of January 15, 2014 to the District Court [D.E. #147]. This Court would point out that the Defendant entered into a Plea Agreement [D.E. #149] at the Change of Plea Hearing. The Defendant acknowledged signing the Plea Agreement on January 10, 2014. This was made part of the record at the Defendant's Change of Plea Hearing. Further, the Defendant entered into a Stipulation as to Factual Basis for Guilty Plea [D.E. #148] and acknowledged his signature which was dated January 10, 2014 on that document. The Defendant further acknowledged before this Court under oath that the stipulated factual basis was accurate and did set forth the facts in his case as he understood them to be.

10.     The District Court adopted this Court's Report and Recommendation on or about February 4, 2014 [D.E. #164] and set this matter for sentencing. Sentencing was then continued at the request of the Defendant. Sentencing is presently set for August 27, 2014.

11.     Subsequent to the Defendant entering his guilty plea, his retained counsel, Samuel Montesino, filed a Motion to Withdraw as counsel. This Court conducted a hearing on that matter on May 2, 2014. Based upon the facts submitted to the Court at that hearing, this Court permitted Mr. Montesino to withdraw and appointed Randee Golder to represent the Defendant. As stated by this Court in its Order of May 5, 2014, Mr. Montesino had a problem in continuing to represent the Defendant since he has had

lengthy attorney-client discussions with the Defendant and the manner in which the Defendant wishes for Mr. Montesino to proceed would actually cause Mr. Montesino to argue against his representation and advice already given in the case.

12. This matter then continued forward with Ms. Golder representing the Defendant in preparation for sentencing. This Court then received the pro se letter from the Defendant requesting to be able to withdraw his guilty plea.

13. The factors which the Eleventh Circuit Court of Appeals has established in determining whether or not a defendant may withdraw his guilty plea are addressed in Buckles, supra, and later by the Court in United States v. Brehm, 442 F.3d 1291 (11th Cir. 2006). Those factors are as follows:

    a. Whether close assistance of counsel was available;

    b. Whether the defendant's guilty plea was knowing and voluntary;

    c. Whether judicial resources would be conserved; and

    d. Whether the government would be prejudiced if the defendant were allowed to withdraw his guilty plea.

14. The Defendant entered his guilty plea before this Court. This Court conducted its usual extensive plea colloquy. The Defendant appeared intelligent at all times. He was under oath in responding to all questions asked by this Court. He did not appear to be under pressure of any type. If this Court even detected the slightest reticence in the Defendant, this Court would not have gone forward with the Change of Plea Hearing. Instead, this Court recalls the Defendant being very calm and responsive to all of the questions during the entire Change of Plea Hearing.

15. The Defendant acknowledged entering into a written Plea Agreement with the government and acknowledged his signature on that document when referenced by the Court on the record. Additionally, the Defendant entered into a Stipulated Factual Basis and acknowledged his signature on that document when addressed by the Court on the record. The Defendant admitted that the factual basis which he signed accurately set forth the facts in his case as he understood them to be. That Stipulated Factual Basis not only sets forth the essential elements of the crime to which the Defendant pled guilty but also sets forth a sufficient factual basis to support the Defendant's guilty pleas to Count One of the Indictment which charged the Defendant with conspiracy to manufacture, distribute and possess with intent to distribute fifty (50) grams or more of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A).

16. This Court will not go through each and every question and response made by the Defendant during the Change of Plea Hearing. This Court is satisfied that all of the questions asked of the Defendant as required by law were answered appropriately by the Defendant under oath. This Court disagrees with the Defendant's assertion that he was under pressure or felt that he was giving the answers simply to answer the questions the way he believed the Court would want him to answer them so that he could get the best sentence possible. A transcript of that Change of Plea Hearing would accurately reflect his responses in that regard.

17. In respect to the specific factors referenced above which this Court must address, the Defendant has always had close assistance of counsel at all times. Mr. Montesino represented him at the Change of Plea Hearing. Only afterwards did Mr. Montesino feel that he had to withdraw since the Defendant was requesting that he

proceed in a fashion which would result in Mr. Montesino having to argue against his own representation and legal advice that he had given in this case to the Defendant. Therefore, the Defendant has had close assistance of counsel before the Change of Plea Hearing and at the Change of Plea Hearing. Subsequently he has always had close assistance of counsel by Mr. Montesino until he was permitted to withdraw. Since that time, he has had close assistance of counsel by Randee Golder who was appointed by this Court to represent the Defendant after Mr. Montesino was permitted to withdraw.

18. This Court does not find that the Defendant was forced into pleading guilty. In response to specific questions by this Court that he was entering his guilty plea freely and voluntarily, the Defendant answered that he was entering his plea freely and voluntarily. Further, the Defendant acknowledged his involvement in the criminal conduct to which he was pleading guilty.

19. In respect to the third factor, this Court finds that judicial resources would be conserved by refusing to allow the Defendant to withdraw his guilty plea. The Defendant has presented no factual or legal basis to justify his withdrawal of his guilty plea. If permitted to withdraw his plea, there would be additional resources having to be expended by the Court in a jury trial. Further resources and payment of CJA counsel, counsel for the government, witnesses, and jurors would also be incurred. This Court considers those all to be encompassed within judicial resources. Even if this Court is looking only at the specific judicial resources of the District Judge sitting on the case, requiring this case to be tried simply because the Defendant wishes to withdraw his guilty plea would result in other trials being delayed while this case proceeded to trial. Therefore, this Court finds that

7

judicial resources would be conserved by denying the Defendant his request to withdraw his guilty plea.

20. In respect to the final factor, it does not appear that there is any prejudice to the government if the Defendant would be permitted to withdraw his guilty plea. There is no evidence of such prejudice before this Court aside from the fact that witnesses would have to be called and members of the U. S. Attorney's Office would have to proceed to trial on this case.

21. The Defendant has not presented any legal or factual basis to justify this Court recommending that he be permitted to withdraw his guilty plea. This Court is satisfied that the plea colloquy conducted by this Court was in accordance with the Federal Rules of Criminal Procedure. All of the Defendant's responses were appropriate and under oath. He acknowledged his criminal conduct. He acknowledged entering into the Plea Agreement and Stipulated Factual Basis which supports his guilty plea. It is only now on the eve of sentencing that the Defendant wishes to withdraw his guilty plea.

22. Counsel for the Defendant candidly stated on the record that she has absolutely no legal or factual basis upon which to request the Defendant be permitted to withdraw his guilty plea. Further, her analysis of the case reflects that the government has a "strong case" against this Defendant should the case proceed to trial.

**ACCORDINGLY**, this Court recommends to the District Court that the Defendant's pro se Motion to Withdraw Guilty Plea [D.E. #234] be **DENIED.**

Since this matter is set for sentencing next week, this Court instructed the parties at the hearing that it would shorten the time for filing any objections to this Report and

Recommendation to be by 4:00 p.m. on Thursday, August 21, 2014. No one objected to that shortening of the time period. Therefore, any objections to this Report and Recommendation shall be filed **no later than 4:00 p.m. on THURSDAY, AUGUST 21, 2014.** Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this 18th day of August, 2014, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
AUSA Courtney Coker
Randee J. Golder, Esq.
U. S. Probation
U. S. Marshal